# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JULIE JAEGER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CV-36-JEM |
| ) | |
| VALPARAISO COMMUNITY ) | |
| SCHOOL CORPORATION, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 40], filed by Defendant Valparaiso Community School Corporation on December 31, 2015. For the following reasons, the motion is granted.

### I. Procedural Background

On February 6, 2014, Plaintiff Julie Jaeger filed a Complaint alleging that Defendant fired her from her employment with Defendant Valparaiso Community School Corporation in retaliation for complaining about sexual harassment, in violation of Title VII of the Civil Rights Act.[1]

On December 31, 2015, Defendant filed the instant Motion for Summary Judgment. Plaintiff filed a response on February 11, 2016, and on February 25, 2016, Defendant filed a reply.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

### II. Summary Judgment Standard

---

[1] Plaintiff also included a claim for negligence, but in her response to the Motion for Summary Judgment indicated that she is no longer proceeding on that claim.

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment

with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth

of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

## III. Material Facts

Plaintiff began working for Defendant Valparaiso Community School Corporation in 1995, and was a custodian assigned to Flint Elementary School until she was terminated in January of 2013.

In the summer of 2011, Johnson, a temporary employee began working with Plaintiff at Flint, and in July of 2011 Plaintiff complained that he made inappropriate comments to her. Three days after she reported his conduct to the administration, Johnson was removed from his employment. However, Plaintiff claims that his firing did not stop the harassment: Johnson called her, and would periodically drive through the school parking lot. Plaintiff reported the continued harassment to the principal of Flint several times, as well as to an administrator. Plaintiff met with the principal in person in September or October of 2012 to complain about the harassment. In September she requested transfer to another school to escape the harassment, and followed up on the request in October or November or 2012. Plaintiff also reported the phone calls to the police.

In 2004, Plaintiff received a warning for taking extended breaks at work, and did not receive any other discipline between that time and her termination. In January 2013, the Flint principal met with Plaintiff to discuss her extended breaks and visitors who met her on school property. Plaintiff asserts that she only took extended breaks with the permission of the principal, and the family visits consisted of her sister visiting her for about an hour on one occasion and her husband occasionally dropping off her lunch. She asserts that the breaks occurred after work was completed, when she and other custodians would sit with the principal in the lounger, and the principal had never admonished

4

her for her break routine. In January 2013, the principal and the assistant to the superintendent recommended Plaintiff's termination to the school board, and it was made effective January 17, 2013.

**IV.    Analysis**

Defendant moves for summary judgment on Plaintiff's claim for retaliation under Title VII of the Civil Rights Act of 1964.

Title VII prohibits discrimination in employment based on race or national origin: "It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). "An employee can establish a prima facie case of retaliation by proceeding under either the direct or indirect method." *Roney v. Ill. DOT*, 474 F.3d 455, 459 (7th Cir. 2007) (citation omitted). For Plaintiff to "surviv[e] summary judgment on her retaliation claim using the direct method, [she must] show '(1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action taken by the employer; and (3) a causal connection between the two.'" *Overly v. Keybank Nat'l Ass'n*, 662 F.3d 856, 866 (7th Cir. 2011) (quoting *Kodl v. Bd. of Educ. Sch. Dist. 45*, *Villa Park*, 490 F.3d 558, 562 (7th Cir. 2007)). "The indirect method requires proof that (1) the employee engaged in statutorily protected activity; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 537 (7th Cir. 2013) (citation omitted). Regardless of the method, the burden is always on the

plaintiff to demonstrate that genuine issues exist for trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 897 (7th Cir. 2003).

Defendant agrees that Plaintiff belongs to a protected class by virtue of her gender, undertook a statutorily protected activity when she complained about harassment by a coworker, and suffered a materially adverse employment action when she was fired. Defendant argues that Plaintiff cannot demonstrate that she was terminated in retaliation for protected activity. Plaintiff argues that there is enough evidence to establish a causal connection between her complaint about the harassment and her termination.

"In the absence of direct evidence (or, evidence that establishes the proposition without resort to inferences from circumstantial evidence), a plaintiff can succeed under the direct method by presenting sufficient circumstantial evidence such that a jury could infer retaliation." *Derosena v. Gen. Bd. of Pensions & Health Benefits of United Methodist Church, Inc.*, 560 F. Supp. 2d 652, 669 (N.D. Ill. 2008) (citation omitted). "A convincing mosaic must include evidence from which an inference of retaliatory intent could be drawn," evidence like "(1) suspicious timing; (2) ambiguous statements or behavior towards other employees in the protected group; (3) evidence, statistical or otherwise, that similarly situated employees outside of the protected group systematically receive better treatment; and (4) evidence that the employer offered a pretextual reason for an adverse employment action." *Hobgood v. Ill. Gaming Bd.*, 731 F.3d 635, 643-44 (7th Cir. 2013) (citations omitted); *see also Coleman v. Donahoe*, 667 F.3d 835, 860 (7th Cir. 2012); *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 924 (7th Cir. 2007). The Seventh Circuit Court of Appeals makes it clear that "these categories of evidence are not exclusive, nor are they a set of prongs of a circumstantial evidence," but "[t]he ultimate question the parties and the court always

must answer is whether it is more likely than not that the plaintiff was subjected to the adverse employment action because of his protected status or activity" by considering the evidence presented into context and as a whole. *Hobgood*, 731 F.3d at 644. "All reasonable inferences, of course, must be drawn in favor of the non-moving party. Only then can it be seen whether the plaintiff's evidence amounts to a 'convincing mosaic' sufficient to withstand a motion for summary judgment or judgment as a matter of law." *Id.*

In this case, Plaintiff's arguments focus on this mosaic of evidence. She argues that she last complained in person about the harassment she was experiencing in September or October of 2012, requesting transfer to escape the harassment in September 2012 and following up on that request in October or November, and was terminated on January 17, 2013, only a few months later. "The causal link of a retaliation claim is frequently established by showing that there was a suspiciously short period of time between the employee's complaint and the adverse employment action." *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 793 (7th Cir. 2007); *see also Pantoja v. Am. NTN Bearing Mfg. Corp.*, 495 F.3d 840, 849 (7th Cir. 2007).

Defendant argues that Plaintiff's complaints about harassment in fall of 2012 were not statutorily protected activity. Defendant removed Johnson from his position as a temporary employee in July 2011, and argues that the complaints Plaintiff made after that were for activity that primarily occurred off of the school campus and were not statutorily protected complaints of harassment based on her gender. As Defendant argues, even if Plaintiff's fall 2012 complaints comprise constitutionally protected activity, the few months between those complaints and her firing are insufficient to establish an inference of retaliation. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) ("'[S]tanding by itself,' four months between the employee's protected activity

7

and his discipline could not support an inference that the two events were related. . . . Even intervals shorter than four months are unlikely, standing alone, to establish the causation element of a retaliation claim.") (quoting *Hughes v. Derwinski*, 967 F.2d 1168, 1174 (7th Cir.1992); other citations omitted). The time period is not so short as to be suspicious on its own.

Plaintiff also argues that two other employees were disciplined for similar behavior as what she was allegedly fired for, but that they were only suspended from work, one for three days, one for only a single day. They were both male, and did not complain of sexual harassment. Defendant argues that a warning Plaintiff received nine years previously distinguishes her in a meaningful way from these otherwise similar co-workers so that they cannot be comparators for the purposes of a mosaic analysis. Plaintiff also admits that although all three were disciplined for taking extended breaks, Plaintiff alone received an additional citation for hosting family members at the school. These other employees were not fired, but they were disciplined for taking extended breaks, as was Plaintiff, and were not accused of hosting family members at the school, nor had they been subject to warnings for taking extended breaks in the past. Plaintiff has not provided "evidence, statistical or otherwise, that similarly situated employees outside of the protected group systematically receive better treatment" than she did. *Teruggi v. CIT Grp./Capital Fin., Inc.*, 709 F.3d 654, 659-60 (7th Cir. 2013) (quoting *Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir.2011)).

Plaintiff argues that Defendant is responsible for spoliation of the evidence that it used as the reason for firing her. Defendant asserts that it was upon review of surveillance tapes that the principal realized that the afternoon custodians were violating school policies. Although Plaintiff does not argue that she did not take extended breaks, she argues that the principal knew about them

and had never previously expressed disapproval.  She also argues that Defendant is responsible for spoliation of evidence.  Plaintiff argues that by April 3, 2013, when she filed her EEOC Charge of Discrimination, Defendant should have reasonably anticipated litigation in this case and should have placed a document retention policy in place to avoid destroying relevant evidence, like the video on which Defendant allegedly based the decision to fire Plaintiff and discipline her coworkers.  She argues that the Court should assume that the videos did not contain what Defendant claims they do and/or that Defendant intentionally allowed the tapes to be destroyed to avoid liability.  However, although Defendant's failure to keep the videotape might affect what evidence would be admissible at trial, the failure of Defendant to produce the videotape is not sufficient, even considered alongside Plaintiff's other arguments, to create a mosaic of evidence of discrimination.

Defendant argues that the reasons given for the decision to terminate Plaintiff's employment were not pretextual: she had previously been disciplined for taking excessive breaks, knew that her job would be in jeopardy if she continued to take them, but still continued.  Plaintiff does not point to any specific evidence of pretext, ambiguous statements, or other indications of discrimination or retaliation that might form part of the mosaic of evidence.

Plaintiff has failed to set forth any facts showing that there is a genuine dispute for trial, or that a reasonable jury could conclude that Defendant fired her as a result of her complaints of sexual harassment and discrimination.

## V.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment [DE 40].

9

The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Valparaiso Community School Corporation and against Julie Jaeger as to her claims.

So ORDERED this 1st day of June, 2016.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record